996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David SWIFT, Defendant-Appellant.
 No. 93-6363.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 25, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Paul Trevor Sharp, Magistrate Judge. (CR-89-235-G)
 David Swift, Appellant Pro Se.
 Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 David Swift appeals from the magistrate judge's order denying his motion for reconsideration of the magistrate judge's earlier denial of Swift's motion for transcripts at government expense. Our review of the record and the magistrate judge's order reveals no abuse of discretion and that this appeal is without merit. There was no 28 U.S.C. § 2255 (1988) motion pending when Swift made his request. Moreover, Swift's transcript request did not demonstrate the existence of a nonfrivolous question for which a transcript was necessary. Therefore, 28 U.S.C. § 753(f) (1988) does not entitle Swift to a free transcript.* See United States v. MacCollom, 426 U.S. 317 (1976); see also United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964) (indigent prisoner not entitled to free transcript to comb record for possible error).
 
 
 2
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 3
 *Swift couched his transcript request as a petition pursuant to 28 U.S.C. § 1651 (1988). We find that the magistrate judge properly construed the motion under § 753(f) because § 1651 is available only in aid of a court's jurisdiction, see 16 Charles A. Wright et al., Federal Practice & Procedure § 3932 (1977), and where no other adequate remedy is available. Ex parte Chicago, R.I. & P. R. Co., 255 U.S. 273 (1921). We also find that, contrary to Swift's argument, the motion was a pretrial motion of a non-dispositive nature whose resolution could be properly delegated to a magistrate judge. 28 U.S.C.A. § 636(b)(1)(A) (West Supp. 1993).